SAN JUAN HOTEL CORP. y CARRIAGE 20, INC., peticionarias, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. MIGUEL A. GIMÉNEZ MUÑOZ, JUEZ, demandado.

Número: O-70-241          Resuelto: 26 de noviembre de 1973

*Hartzell, Ydrach, Mellado, Santiago, Pérez & Novas* y *Manuel González Gierbolini,* abogados de las peticionarias; *Wilson F. Colberg,* abogado de Galería Francesca, Inc.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El Hotel San Juan arrendó dos locales comerciales ubicados en la primera planta de su edificio, uno a Galería Francesca, Inc. y otro a Carriage 20, Inc. En su contrato con la primera se expresa que el hotel le concede el derecho exclusivo de operar un establecimiento para la venta de pinturas, esculturas, discos folklóricos, libros y artes gráficas.[1]

En su contrato con Carriage 20, Inc., el hotel concedió a ésta la concesión para vender antigüedades.[2] En junio de

---

[1] "Licensor hereby grants to Licensee the exclusive right to operate and conduct, and Licensee—hereby agrees to operate and conduct within the Commercial area of the Hotel designated as Shop #105, a concession to sell paintings, sculptures, folkloric records, cultural books, graphic art works."

[2] "the privilege to operate and conduct, and Licensee hereby agrees to operate and conduct within the commercial area of the Hotel designated as Shop #101 a concession to sell antiques."

1970 la demandante demandó al hotel y a Carriage 20 y alegó que esta última estaba vendiendo artículos de los incluidos en la concesión exclusiva de la demandante, compitiendo así con ella y solicitó $150,000 por ganancias dejadas de percibir y $100,000 por concepto de daños. También presentó una solicitud de *injunction* preliminar solicitando, entre otras cosas, que el tribunal ordenase a las demandadas que cesasen de vender aquellos efectos para cuya venta posee exclusividad la demandante.

Las partes acordaron someter el *injunction* preliminar y permanente a base de la prueba que desfilaría en la vista. Luego de celebrada ésta el tribunal de instancia determinó que Carriage 20 se ha dedicado a la venta de antigüedades, para lo cual tiene autorización, como a la venta "de algunos de los efectos u objetos cuyo derecho exclusivo de venta posee la demandante, Galería Francesca, Inc." Las demandadas alegaron que los esmaltes que Carriage 20 vende no son artes gráficas y que cierto tipo de efectos que pueden resultar ser también pinturas y esculturas constituyen antigüedades. El tribunal de instancia declaró con lugar la solicitud de *injunction* permanente y ordenó a Carriage 20, Inc., que cesase la venta de los objetos y efectos cuya venta en carácter de exclusividad le fue concedida a la demandante. Le ordenó específicamente cesar la venta de esmaltes y aunque no lo incluyó en su orden, en el cuerpo de su resolución expresa que la demandante sufrió pérdidas montantes a $8,000 "ya que Carriage 20 ha bajado los precios de los objetos que vende en competencia con la demandante."

En su solicitud las peticionarias señalan cinco errores. El primero y el segundo se contraen a señalar que erró el tribunal de instancia al concluir que los esmaltes son obras de artes gráficas y que por lo tanto su venta exclusiva pertenece a la demandante. En el tercer señalamiento expresan que el tribunal erró al fijar daños en $8,000 sin que la prueba lo justificase. En el cuarto se expresa que el tribunal erró

al determinar que Carriage 20 no puede vender esmaltes. Este error es una consecuencia de los primeros dos antes mencionados. En el quinto se expresa que fue un error dictar el *injunction* permanente ya que ni la prueba ni el derecho así lo justifican.

En 12 de noviembre de 1970 concedimos a las peticionarias tiempo necesario para someter la transcripción de evidencia. Eventualmente ésta se elevó y la hemos examinado con detenimiento. En 9 de noviembre de 1972 ordenamos que se elevase la prueba documental admitida en la vista del caso. En 23 de mayo de 1973 emitimos la siguiente Orden Para Mostrar Causa:

"Vista la petición de certiorari presentada en este caso, la resolución y orden del Tribunal de instancia de 2 de octubre de 1970, las tres piezas de transcripción de evidencia, la prueba documental y demás documentos que obran en autos, muestre causas Galería Francesca, Inc. dentro de los próximos quince días, por las cuales no deba dejarse sin efecto la citada resolución y orden del Tribunal Superior de 2 de octubre de 1970, objeto de este recurso."

Luego de solicitar una prórroga, la cual fue concedida, Galería Francesca, Inc., presentó su escrito en contestación a nuestra orden para mostrar causa.

Vista la transcripción de evidencia, la prueba documental, alegatos y demás documentos que obran en autos, estamos convencidos de que debemos revocar por las siguientes razones:

En primer lugar, cuando en el comercio se habla de "antigüedades" no se incluye en dicho término únicamente objetos genuinamente antiguos. Es fácil comprender que una espada, una armadura, o cualquier objeto de la Edad Media, y aun objetos de siglos posteriores, son en su número, finitos y muy costosos. Estos por lo general se encuentran en museos y en colecciones privadas. Por el contrario, el número de tiendas y el número de objetos que se venden como antigüe-

dades son prácticamente infinitos. Esto es así porque en el comercio se denominan antigüedades objetos que aunque son fabricados en el presente se hacen siguiendo los diseños o patrones antiguos. Es por eso que Carriage 20, al igual que toda tienda de antigüedades puede vender toda clase de objetos y efectos así considerados como antigüedades, y ésto no quiere decir que conflige con el derecho de Galería Francesca. Por su parte, Galería Francesca tiene derecho a vender los objetos mencionados en su contrato de arrendamiento, y posiblemente otros, los cuales no son antigüedades.

En segundo lugar, el tribunal de instancia erró al considerar los esmaltes como artes gráficas. Contemporáneamente cuando en el comercio se dice *graphic arts*, como consta en el contrato de arrendamiento de Galería Francesca, dicho término quiere decir pinturas, dibujos, fotografías y determinadas copias y reproducciones que se producen por diversos métodos. (³) Los esmaltes aquí concernidos no caen dentro del término artes gráficas. Como tan autorizadamente explicaron los testigos Max Karp y Roma Taeni, para la manufactura de la pieza decorativa o de la prenda que se denomina esmalte se utiliza una plancha de metal, generalmente cobre, la cual se cubre con cristal en polvo, en colores y siguiendo el diseño que se haya escogido. Se cuece en un horno construído especialmente para ese fin a una temperatura muy alta. Esa temperatura derrite el cristal y el cristal así derretido y coloreado queda adherido al metal que le sirve de base. En ocasiones hay que hacer esa operación varias veces, especialmente cuando se desea producir un objeto con diversos colores. Este es un trabajo especializado y que requiere paciencia y atención. Los esmaltes pueden ser objetos pequeños que las

---

(³) El Diccionario Webster define *"graphic arts"* como sigue:

"1. any form of visual artistic representation; especially, painting, drawing, photography, etc. 2. now, sometimes, only those arts in which impressions are printed from various kinds of blocks or plates, as etching, litography, dry point, offset, etc."—*Webster's New World Dictionary*.

damas usan sobre su persona como adornos o pueden ser objetos más grandes que ya fijados en las paredes o depositados sobre muebles se utilizan para adornar salones y habitaciones. Estamos convencidos que la exclusividad de Galería Francesca para vender objetos gráficos no impide a Carriage 20 la venta de esmaltes.

■ No creemos que de la prueba desfilada se justifica la sentencia en daños. La prueba demostró que Galería Francesca es una operación relativamente pequeña, que sus existencias fluctúan considerablemente y que su dueño atendía otra serie de negocios de mayor importancia. Debido a la creencia que tenía la demandante de que Carriage 20 le había invadido su exclusividad, la demandante entendió que tenía derecho a daños, más habiendo visto que las operaciones comerciales de Carriage 20 son compatibles con las concedidas a Galería Francesca, entendemos que no proceden los daños.

*Se revocará la resolución y orden dictadas por el tribunal de instancia del 2 de octubre de 1970 en este caso.*